(115 So. 294)

### CLARK v. STATE. . (6 Div. 263.)

Court of Appeals of Alabama. June 21, 1927.

Appellant's Rehearing Granted Nov. 1, 1927.

Appellee's Rehearing Denied Dec. 20, 1927.

Affirmed on Mandate Feb. 7, 1928.

R. G. Redden, of Vernon, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. It was not material as to whether defendant was shot before or after the raid was made on the still involved in this trial, but the answer was not such as to

injure the defendant. A reversal cannot be predicated on this ruling.

 The time of the crime was fixed by the evidence as being the day before the beginning of the prosecution in this case, either the 4th or 5th day of November, 1925. The defense was an alibi. Defendant, in support of this, testified that he was in Oklahoma, and left there on November 3, 1925. To substantiate this he offered an envelope which he testified was addressed by him and mailed by him. This envelope bore government stamp October 25, 1:30 p. m., 1925, a check dated Hobart, Okl., October 28, 1925, drawn on Farmers' & Merchants' National Bank, payable to defendant for $2.21, signed Mack George, indorsed by defendant, and marked paid 11/5/25, and an express receipt for package purporting to have been shipped by defendant to himself at Sulligent, and dated 10:25 a. m. November 4th. Assuming that the envelope and the express receipt were otherwise admissible, the date of the letter would fail to cover the time of the alleged crime. Being nine to ten days before the alleged crime, it was too remote to be relevant. As to the check, there is no evidence to show that defendant was present at the bank when it was paid, and it is evident from his own testimony that he did not collect the check from the bank, as by his own statement he had left Oklahoma and was in Little Rock on the morning of November 4th, and left there on that date when he received the express receipt.

 The express receipt presents a different question. The defense was that of an alibi. The express receipt was issued at Little Rock, Ark., November 4, 1925, to Vester Clark, and recited that the articles shipped and shown to have been later delivered to him at Sulligent, Ala., were delivered to the express company at Little Rock by this defendant on November 4th. If the recitals of this express receipt are true, then defendant could not have been present near Sulligent at the time of the alleged crime. The objection by the state was upon the grounds that the receipt was immaterial, incompetent, and irrelevant. These grounds waived all others, and in effect admitted the genuineness of the receipt. The genuineness of the receipt being admitted, the court committed reversible error in refusing to admit it in evidence.

 As to what state's witness John Duncan had testified to in another case and against other parties was res inter alios acta, and properly excluded.

 Defendant having testified that at the time of his arrest his face was scratched, bruised, and bloody, and that he received the injury by jumping off of a freight train, it was not error for the court to allow the state to prove that at another time and place he told a different story about it. All of this evidence was irrelevant, but the defendant offered it, and cannot complain that the state was allowed to rebut it.

 The excerpt from the court's oral charge to which exception was taken was expressly and definitely withdrawn from the jury. This cured any error.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

The application for rehearing is granted. Former opinion withdrawn. Opinion substituted. Judgment reversed, and cause is remanded.

Reversed and remanded.

PER CURIAM. Affirmed on authority of Clark v. State, post, p. 320, 115 So. 296.